OPINION
Appellant Westfield Insurance Company ("Westfield") appeals the decision of the Delaware County Court of Common Pleas that granted Appellee United Ohio Insurance Company's ("United Ohio") motion for summary judgment and denied Westfield's motion for summary judgment. The following facts give rise to this appeal. On August 12, 1998, Jennifer Bird negligently caused an automobile accident, at the intersection of State Route 3 and Plum Road, in Genoa Township, which resulted in the death of Catherine Keene. At the time of the accident, Mrs. Keene was insured by United Ohio, which included medical expense coverage and underinsured motorist coverage. Ms. Bird had liability insurance coverage, with Sentry Insurance Company ("Sentry"), with total liability limits of $25,000. At the time of her death, Mrs. Keene worked at Safety Solutions, Inc. ("Safety Solutions"). Safety Solutions had a commercial automobile policy of insurance, with Westfield, with total underinsured motorist coverage limits of $1,000,000. The decedent's husband, James Keene, was employed at Penske Truck Leasing Corporation ("Penske"). Penske was insured by Old Republic Insurance Company ("Old Republic"). Pursuant to the terms of its policy, United Ohio paid the limits of its medical expense coverage to the Estate of Catherine Keene, totaling $5,000. United Ohio also paid the total of its underinsured motorist coverage which totaled $300,000. Upon payment, United Ohio received an assignment from Ms. Keene's estate, to pursue Ms. Bird, her insurer and all other underinsured motorist carriers providing coverage for the damages sustained. On January 20, 2000, United Ohio filed its complaint. The allegations against Ms. Bird alleged that United Ohio, as the insurer, assignee and subrogee of Catherine Keene's estate, sustained damages totaling $305,000, as a direct and proximate result of Ms. Bird's negligence. With the consent of all parties, United Ohio settled its claims against Ms. Bird for $25,000, representing her total liability limit with Sentry. Thereafter, on November 7, 2000, Ms. Bird was dismissed from the lawsuit. In the complaint, United Ohio also sought declaratory relief against Westfield and Old Republic. United Ohio alleged that Westfield's and Old Republic's policies of insurance also provided underinsured motorist coverage pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660 and that United Ohio was entitled to contribution, indemnification and/or subrogation from these insurance companies in accordance with the terms of each companies policy of insurance. On September 8, 2000, Old Republic was voluntarily dismissed, without prejudice. On this same date, United Ohio filed a motion for summary judgment against Westfield. On September 14, 2000, the parties filed stipulations of fact with the trial court. Westfield also filed a motion for summary judgment on this date. On October 13, 2000, the trial court filed its judgment entry in which it granted United Ohio's motion for summary judgment and denied Westfield's motion for summary judgment. In doing so, the trial court held that United Ohio was entitled to receive $215,600, from Westfield, which represents a pro-rata portion of the $305,000 paid to Catherine Keene's estate, less $25,000 received from Sentry. Westfield timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part: Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review Westfield's assignments of error. I, II We will address Westfield's two assignments of error simultaneously as both concern whether the trial court properly granted summary judgment on behalf of United Ohio. Westfield contends, in support of its assignments of error, that the trial court erred in its interpretation of the word "you" as used in the "Other Insurance" provision of its policy. We disagree. In addressing the motions for summary judgment, the trial court referred to the Scott-Pontzer decision. In that case, the Ohio Supreme Court found a corporation's employees to be insureds and therefore entitled to underinsured motorist coverage under a commercial automobile liability policy which designated the corporation as the named insured and which defined "insured" to include "you" and "[i]f you are an individual, any family member." Scott-Pontzer at 665. The Court concluded that it would be meaningless to limit protection solely to a corporate entity which cannot occupy or operate a motor vehicle or suffer bodily injury or death. Id. at 664. Based upon the Court's holding in Scott-Pontzer, the trial court concluded that Westfield, as Mrs. Keene's employer, was contractually liable for payment of underinsured motorist benefits. Judgment Entry, Oct. 13, 2001, at 5. The trial court stated that the issue it had to decide, which was not addressed by the Ohio Supreme Court in the Scott-Pontzer case, was whether Westfield was liable for payment of underinsured motorist benefits on a primary basis, pro-rata basis or excess coverage basis. Id. The trial court concluded that under the Scott-Pontzer case, Mrs. Keene was an "insured" as an employee of Safety Solutions and the vehicle driven by Mrs. Keene was therefore owned by an "insured." Id. at 6. Accordingly, the trial court held that Westfield should pay on a pro-rata, primary coverage basis. Id. at 7. We note that Westfield's policy contains the identical language, to that addressed by the Ohio Supreme Court in Scott-Pontzer, defining "Who Is An Insured." This language provides as follows: B. Who Is An Insured 1. You 2. If you are an individual, any "family member." 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction. 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
In determining the availability of underinsured motorist coverage, we agree with the trial court's conclusion that the term "you" has been judicially defined to include the corporation, as the named insured, as well as its employees. Mrs. Keene is therefore an "insured" under Westfield's policy of insurance issued to Safety Solutions. We would also note that Westfield, in paragraphs two and three of its answer, admitted that its policy would be held to provide underinsured motorist coverage to Mrs. Keene pursuant to the Scott-Pontzer decision. However, Westfield contends that as applied to the "Other Insurance" provision of its insurance policy, there is no ambiguity in the use of the word "you" and therefore, the definition of the word "you," as defined in the Scott-Pontzer decision, is not applicable to the case sub judice. The "Other Insurance" provision states as follows: b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorists insurance providing coverage on a primary basis.
c. If the coverage under this Coverage Form is provided:
 (1) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.
 (2) On any excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis. Based upon the above language contained in the "Other Insurance" provision, Westfield contends that only Safety Solutions is a named insured, under the "Other Insurance" provision of the policy, and there is no need to include Safety Solutions' employees as named insureds because such an interpretation of "you" does not create an ambiguity. Westfield essentially argues that it is permissible to interpret the definition of the term "you" based upon the context in which it is used in the policy of insurance. Where the interpretation of the word "you," in determining who is an "insured," creates an ambiguity, the term "you," as interpreted in the Scott-Pontzer case, must be applied. However, where the interpretation of the word "you" creates no ambiguity, it is appropriate to limit the term to the named insured, Safety Solutions. Westfield contends that under the "Other Insurance" provision it is not ambiguous to interpret the word "you" to mean only the named insured, Safety Solutions, and therefore, Mrs. Keene is not a named insured under Westfield's "Other Insurance" provision. We find, based upon our review of the case law, that the interpretation of the word "you" must be applied consistently to all provisions of the contract. In support of this conclusion, we cite to the case of Lyttle v. Progressive Cas. Ins. Co. (Feb. 4, 1999), Cuyahoga County App. No. 73620, unreported. In the Lyttle case, the Cuyahoga County Court of Appeals determined that Patrick Lyttle, as an employee of Landmark Landscape and a listed driver under a policy of insurance issued by Progressive Casualty Insurance Company ("Progressive"), was included within the definition of the terms "insured" and "you" as defined in the policy issued by Progressive. Id. at 4 Progressive proceeded to argue that once the trial court judicially expanded the definition of "you" to include employees of the named insured, the judicially corrected definition of "you" must also be applied in the "temporary substitute auto" provision of the policy. Id. at 5. The court agreed with Progressive's argument and held: We agree with Progressive that if the court finds the definitions of `you' and `insured' to be ambiguous and if the court then revises those definitions to favor the insured, it is those revised, nonambiguous definitions which must be applied throughout the policy, absent another ambiguity or absurdity of language. Thus, having included Lyttle within the definitions of `you' and `insured,' we will consistently apply these definitions to the term `you' in the `temporary substitute auto' provision. Id. at 6.
In applying this reasoning to the case sub judice, we conclude that since it has been judicially determined that the term "you," as defined in Westfield's policy includes employees of Safety Solutions, the vehicle driven by Mrs. Keene was owned by an "insured." The Scott-Pontzer decision specifically dealt with the term "you" under the "Who is an Insured" provision for purposes of uninsured/underinsured motorist coverage. Since the Ohio Supreme Court has judicially defined the word, unless the policy of insurance provides a different definition under the "Other Insurance" provision of the policy, we must apply the definition of "you" consistently throughout the policy. Thus, Westfield's coverage is not excess coverage and the trial court properly concluded that United Ohio is entitled to indemnification because Westfield and United Ohio must pay on a pro-rata, primary coverage basis. Westfield's First and Second Assignments of Error are overruled For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
 ________ Wise, J.
Edwards, P.J., and Boggins, J., concur.